**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2602
_____

WILLIAM F. BROBST, JR.;
ROXANNE BROBST, Husband & Wife;
KESHIA BROBST,
                                        Appellants

v.

DAVID W. CROSSETT, ESQ; WILLIAM F. BROBST, SR.; SMITH LAW GROUP
LLC; JAMES M. SMITH, ESQ.
_____

Appeal from the United States District Court for
the Eastern District of Pennsylvania
(District Court No. 5-16-cv-04051)
Magistrate Judge: Honorable Henry S. Perkin


_____


Submitted Under Third Circuit L.A.R. 34.1(a)
September 23, 2019
_____

Before: McKEE, AMBRO and ROTH, *Circuit Judges*

(Opinion filed: February 25, 2020)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge.*

Appellants appeal the District Court's grant of summary judgment in favor of the defendants in this family dispute over possession of real property. For the reasons that follow, we will affirm the District Court's grant of summary judgment in favor of the Defendants.[1]

I.

In reviewing a motion for summary judgment, we view the evidence in the light most favorable to the non-moving party.[2] We refrain from making credibility determinations or weighing the evidence.[3]

Plaintiffs claim that the District Court erred in distinguishing *Jordan v. Fox, Rothschild, O'Brien & Frankel*.[4] They also argue that the abuse of a valid state procedure does not affect whether Defendants are state actors.

The District Court properly distinguished the circumstances here from those in *Jordan*. This dispute involves a Writ of Possession, which is materially different from a judgment for possession.[5] Moreover, "Plaintiffs have not challenged the legality of the

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. This Court has jurisdiction under 28 U.S.C. § 1291. Our review of an order granting a motion for summary judgment is plenary. *Albrecht v. Horn*, 485 F.3d 103, 114 (3d Cir. 2007).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[3] *Id.*

[4] 20 F.3d 1250 (3d Cir. 1994).

[5] *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 651–52 (E.D. Pa. 2014) (explaining several distinguishing qualities, including automatic operation of the law, absence of judicial judgment, and discretion relinquished to private individuals).

Pennsylvania statutes or Rules at issue,"[6] and they do not dispute that the Pennsylvania Rules of Civil Procedure are otherwise a valid state procedure. Instead, Plaintiffs allege that Defendant Crossett violated the Rules by not providing notice. However, any such alleged misuse or abuse of Pennsylvania's procedural Rules does not constitute state action. Indeed, a contrary ruling would convert everyone who violates a state procedural rule into a state actor for purposes of 1983 liability. Such a claim is patently frivolous.

## II.

For the reasons set forth above, we will affirm the District Court's decision.

---

[6] *Brobst v. Brobst*, No. 16-4051, 2018 WL 3032856, at *8 (E.D. Pa. June 19, 2018).